*Carrie Umpierre, et al. v. Foghorn Energy Center, LLC, et al.*
St. Louis Cnty., Minn. Dist Ct. File No. 69DU-CV-26-2040
Index of process, pleadings, orders, and certain other materials


| Index # | Description | Exhibit Page |
|---|---|---|
| 1 | Certificate of Representation | 1 |
| 2 | Civil Cover Sheet | 3 |
| 3 | Summons | 7 |
| 4 | Cover Sheet for Non Public Documents Form 11.2 | 10 |
| 7 | Affidavit of Service | 12 |
| 8 | Affidavit of Service | 13 |
| 9 | Notice of Motion and Motion | 14 |
| 10 | Affidavit of Attorney | 17 |
| 11 | Cover Sheet for Non Public Documents Form 11.2 | 18 |
| 13 | Proposed Order | 20 |
| 14 | Cover Sheet for Non Public Documents Form 11.2 | 22 |
| 19 | Proposed Order | 24 |
| 20 | Affidavit of Attorney | 29 |
| 21 | Affidavit of Service | 31 |
| 22 | Notice of Appearance | 32 |
| 23 | Notice of Appearance | 34 |
| 24 | Correspondence | 36 |
| 25 | Order Denying Motion | 37 |
| 26 | Notice of Filing of Order | 39 |
| 27 | Notice of Hearing | 40 |
| 28 | Stipulation | 42 |

*Carrie Umpierre, et al. v. Foghorn Energy Center, LLC, et al.*
St. Louis Cnty., Minn. Dist Ct. File No. 69DU-CV-26-2040
Index of process, pleadings, orders, and certain other materials


| Index # | Description | Exhibit Page |
|---|---|---|
| 29 | Proposed Order | 45 |
| 30 | Order Granting Motion | 46 |
| 31 | Notice of Filing of Order | 48 |
| 32 | Order | 49 |
| 33 | Notice of Filing of Order | 50 |
| 34 | Complaint | 51 |
| 35 | Other Document | 73 |
| 36 | Other Document | 126 |
| 37 | Affidavit of Plaintiff | 179 |
| 38 | Other Document | 185 |
| 39 | Notice of Motion and Motion | 201 |
| 40 | Memorandum | 207 |
| 41 | Proposed Order | 230 |
| 42 | Notice of Appearance | 235 |
| 43 | Notice of Appearance | 236 |
| 44 | Notice of Appearance | 237 |
| 45 | Notice of Motion and Motion | 238 |
| 46 | Proposed Order | 240 |
| 47 | Cover Sheet for Non Public Documents Form 11.2 | 242 |
| 51 | Memorandum | 244 |
| 52 | Affidavit of Plaintiff | 256 |

*Carrie Umpierre, et al. v. Foghorn Energy Center, LLC, et al.*
St. Louis Cnty., Minn. Dist Ct. File No. 69DU-CV-26-2040
Index of process, pleadings, orders, and certain other materials


| Index # | Description | Exhibit Page |
|---|---|---|
| 53 | Cover Sheet for Non Public Documents Form 11.2 | 258 |
| 55 | Memorandum | 260 |
| 56 | Cover Sheet for Non Public Documents Form 11.2 | 265 |
| 60 | Exhibits | 267 |
| 61 | Notice of Motion and Motion | 466 |

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: ______________

**CERTIFICATE OF REPRESENTATION**

---

According to Minn. Gen. R. Prac. 114, Plaintiffs provide the Court with the following information:

**ATTORNEYS FOR PLAINTIFFS**
Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
CHESTNUT CAMBRONNE PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**DEFENDANTS**
***(pro se at this time)***

**Foghorn Energy Center, LLC**
Corporation Service Company
2780 Snelling Avenue N, Suite 101
Roseville, MN 55113

**Harmony Group, LLC**
Corporation Service Company
2780 Snelling Avenue N, Suite 101
Roseville, MN 55113

**Savion, LLC**
422 Admiral Blvd
Kansas City, MO 64106

Submitted by:

Dated: July 27, 2026

*/s/ Charles R. Shafer*
Charles R. Shafer (#0401080)

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: ______________

**CIVIL COVER SHEET**
**(Non-Family Case Type)**
**Minn. Gen. R. Prac. 104**

---

Date Case Filed:

This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal counsel, unless the court orders all parties or their legal counsel to complete this form. Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already been ordered to complete this form may submit their own cover sheet within 7 days after being served with the initial cover sheet. See Rule 104 of the General Rules of Practice for the District Courts.

**If information is not known to the filing party at the time of filing, it shall be provided to the Court Administrator in writing by the filing party within seven (7) days of learning the information.** Any party impleading additional parties shall provide the same information to the Court Administrator. The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned.

MINNESOTA JUDICIAL BRANCH

**ATTORNEYS FOR PLAINTIFFS**
Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
CHESTNUT CAMBRONNE PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**DEFENDANTS**
*(pro se at this time)*

**Foghorn Energy Center, LLC**
Corporation Service Company
2780 Snelling Avenue N, Suite 101
Roseville, MN 55113

**Harmony Group, LLC**
Corporation Service Company
2780 Snelling Avenue N, Suite 101
Roseville, MN 55113

**Savion, LLC**
422 Admiral Blvd
Kansas City, MO 64106

1. Provide a concise statement of the case including facts and legal basis: **Essentially, Plaintiffs and Defendants Foghorn Energy Center, LLC and Harmony Group LLC entered agreements that allowed these Defendants to use Plaintiffs' real property for a specific purpose. Defendants breached these agreements. Additionally, among other things, Defendants misrepresented the purpose for which they intended to use Plaintiffs' property. Instead of using their real property for their stated purpose, they intend to use Plaintiffs' real property to develop a hyperscale data center.**

2. Date Complaint was served: **July 27, 2026.**

3. For Expedited Litigation Track (ELT) Pilot Courts only: **N/A**

4. For Complex Cases (See Minn. Gen. R. Prac. 146): **N/A**

5. Discovery: **Estimated discovery completion according to the parties' joint discovery plan.**

6. Disclosure/discovery of electronically stored information discussed with other party?

■ **No** ☐ Yes

If Yes, list agreements, plans, and disputes: **N/A**

7. Proposed trial start date: **July 27, 2027.**

8. Estimated trial time: **Five days.**

9. Jury trial: **Requested by Plaintiffs.**

10. Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested: **N/A**

11. Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect):

    **Plaintiff is not aware of any interpreter services needed at this time.**

12. Issues in dispute: **Liability and damages.**

13. Case Type / Category: **Contract.**

14. Recommended Alternative Dispute Resolution (ADR) mechanism: **Mediation.** (See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))

    Recommended ADR provider (known as a "neutral"): **To be determined.**

    Recommended ADR completion date: **To be determined.**

    If applicable, reasons why ADR not appropriate for this case: **N/A.**

By signing below, the attorney or party submitting this form certifies that the above information is true and correct.

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

**CHESTNUT CAMBRONNE PA**

Dated: July 27, 2026

By: */s/ Charles R. Shafer*
Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

**STATE OF MINNESOTA** **DISTRICT COURT**

**COUNTY OF ST. LOUIS** **SIXTH JUDICIAL DISTRICT**

---

Case Type: Breach of Contract
Court File No.

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

v.

**SUMMONS**

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

---

**TO: ABOVE-NAMED DEFENDANTS:**

**FOGHORN ENERGY CENTER, LLC**
**Corporation Service Company**
**2780 Snelling Ave N, Suite 101**
**Roseville, MN 55113**

**HARMONY GROUP, LLC**
**Corporation Service Company**
**2780 Snelling Ave N, Suite 101**
**Roseville, MN 55113**

**SAVION, LLC**
**422 Admiral Blvd**
**Kansas City, MO 64106**

1. **YOU ARE BEING SUED**. The Plaintiffs have started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit

MINNESOTA JUDICIAL BRANCH

even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Charles R. Shafer, Esq.
Chestnut Cambronne PA
100 Washington Avenue South, Suite 1700
Minneapolis, Minnesota 55401
Attorney for Plaintiffs

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**CHESTNUT CAMBRONNE PA**

Dated: July 24, 2026

By: */s/ Charles R. Shafer*
Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
100 Washington Ave. S., Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFFS**

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: ______________

**Cover Sheet for Non-Public Documents**
**(Also known as Form 11.2)**
**Minn. Gen. R. Prac. 11.03**

---

This Non-Public Document Cover Sheet is accessible to the public. Using a Cover Sheet provides a public record of the non-public documents in the court file.

INSTRUCTIONS:

**1. You are responsible for designating all non-public documents you file with the court as non-public.**

**2. You are responsible for identifying the specific reason, under Minnesota law, why the public should not be allowed to see the documents you are filing with this cover sheet. If there is not a legal reason to make your documents nonpublic, court staff may make them publicly accessible and notify you of this change afterwards.**

**3. If you are e-filing, you must file this public cover sheet as a separate PDF from the non-public documents.**

The documents I am filing with this Cover Sheet are non-public because:

☐ They are "financial source documents" as defined in General Rule of Practice 11.01(c).

☐ They are "court services records" as defined in Public Access Rule 4, subd. 1(b).

☐ They are "medical records" as defined in Public Access Rule 4, subd. 1(f).

☒ I have already filed, or am simultaneously filing, a motion to have these documents filed under seal or as confidential.

☐ The documents are non-public for another reason.

REQUIRED: List the specific legal reason why the documents are non-public (please include specific page numbers if only some pages are non-public):

☐ There is a court order authorizing me to file these documents under seal as confidential:

The order was ☐ written ☐ oral

Date of order:____________________ Judicial Officer:______________________________

**CHESTNUT CAMBRONNE PA**

Dated: July 27, 2026

By: */s/ Charles R. Shafer*

Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

State of Minnesota )
County of Hennepin )

# Affidavit of Service

I, Neil Hanson, state that on Monday, July 27, 2026 at 9:00 AM I served the Summons; Complaint; Confidential Exhibits; Notice of Motion and Motion to File Confidentially; Declaration of Charles Shafer [with Exhibits]; [Proposed] Order Granting Motion to File Documents Confidentially; Plaintiffs' Ex Parte Notice of Motion and Motion for a Temporary Injunction and Temporary Restraining Order; Plaintiffs' Memorandum of Law in Support of Their Motion for a Temporary Injunction and Temporary Restraining Order; Declaration of Carrie Umpierre; and Ex Parte Order Granting Plaintiffs' Motion for a Temporary Injunction and Restraining Order upon Foghorn Energy Center, LLC, a Delaware limited liability company, therein named, personally at 2780 Snelling Avenue North, Suite 101, Roseville, MN 55113, by handing to and leaving with Stephanie Janu, Agent for Corporation Service Company, authorized to accept service, the Registered Agent for Foghorn Energy Center, LLC, a Delaware limited liability company, a true and correct copy thereof.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minnesota Statute § 358.116.

Dated: 7/27/2026 ______________________
Neil Hanson, Process Server

MINNESOTA JUDICIAL BRANCH

*2831178-2*

METRO LEGAL
legal support specialists since 1969
616 South 3rd Street
Minneapolis, MN 55415-1104
(800) 488-8994
www.metrolegal.com

RE: Umpierre

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

State of Minnesota )
County of Hennepin )

# Affidavit of Service

I, Neil Hanson, state that on Monday, July 27, 2026 at 9:00 AM I served the Summons; Complaint; Confidential Exhibits; Notice of Motion and Motion to File Confidentially; Declaration of Charles Shafer [with Exhibits]; [Proposed] Order Granting Motion to File Documents Confidentially; Plaintiffs' Ex Parte Notice of Motion and Motion for a Temporary Injunction and Temporary Restraining Order; Plaintiffs' Memorandum of Law in Support of Their Motion for a Temporary Injunction and Temporary Restraining Order; Declaration of Carrie Umpierre; and Ex Parte Order Granting Plaintiffs' Motion for a Temporary Injunction and Restraining Order upon Harmony Group LLC, a Delaware limited liability company, therein named, personally at 2780 Snelling Avenue North, Suite 101, Roseville, MN 55113, by handing to and leaving with Stephanie Janu, Agent for Corporation Service Company, authorized to accept service, the Registered Agent for Harmony Group LLC, a Delaware limited liability company, a true and correct copy thereof.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minnesota Statute § 358.116.

Dated: 7/27/2026 ____________________
Neil Hanson, Process Server

MINNESOTA JUDICIAL BRANCH

*2831178 - 3*

METRO LEGAL
legal support specialists since 1969
616 South 3rd Street
Minneapolis, MN 55415-1104
(800) 488-8994
www.metrolegal.com

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: _____________

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS CONFIDENTIALLY**

---

**TO: FOGHORN ENERGY CENTER, LLC; HARMONY GROUP LLC; AND SAVION, LLC.**

Plaintiffs now file a complaint and jury demand and request that documents Plaintiffs intend to file be permitted to be filed confidentially. Accordingly, pursuant to Minn. Gen. R. Prac. 11.04, Plaintiffs respectfully request the Court to grant Plaintiffs leave for Plaintiffs to designate as confidential the contemporaneously filed:

- Complaint and its Exhibits
- Plaintiffs' Notice of Motion and Motion for TRO and Injunction
- Plaintiffs' Memorandum of Law in Support of the Motion for TRO and Injunction

MINNESOTA JUDICIAL BRANCH

- Plaintiffs' Proposed Order for TRO and Injunction
- Declaration of Carrie Umpierre and its Exhibits
- Exhibits A-E to the Declaration of Charles R. Shafer

Plaintiffs shall file redacted versions of those same documents upon receipt of the Court's Order.

## ARGUMENT

Under Minn. Gen. R. Prac. 14.06 *et seq.*, the Court has the authority to designate documents as confidential. The documents that Plaintiffs intend to file likely contain sensitive, non-public business information and confidential communications regarding the same. In an abundance of caution, Plaintiffs file this motion and request that the Court allow Plaintiffs to designate the abovementioned documents as confidential.

**CHESTNUT CAMBRONNE PA**

Dated: July 24, 2026

By: */s/ Harrison E. Berg*
Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**

MINNESOTA JUDICIAL BRANCH

## ACKNOWLEDGMENT REGARDING SANCTIONS

Pursuant to Minn. Stat. § 549.211, Subd. 1, the undersigned acknowledges that non-monetary sanctions and monetary sanctions, such as costs, disbursements, and reasonable attorney and witness fees, may be imposed under Minn. Stat. § 549.211, Subd. 3.

Dated: July 24, 2026

*\/s/ Harrison E. Berg*
Harrison E. Berg
Attorney for Plaintiff

MINNESOTA JUDICIAL BRANCH

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: ______________

**DECLARATION OF CHARLES R. SHAFER**

---

I, Charles R. Shafer, state as follows:

1. I am one of the attorneys that represents Plaintiffs in this matter.
2. Attached hereto as Exhibits A-E to Plaintiffs Verified Complaint are documents that, in an abundance of caution, we request be filed confidentially in this matter.

I declare under penalty of perjury that everything stated in this Declaration is true and accurate to the best of my knowledge. Signed on the date below in Hennepin County, State of Minnesota.

Dated: July 24, 2026

By: *<u>/s/ Charles R. Shafer</u>*
Charles R. Shafer (#0401080)

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: ______________

**Cover Sheet for Non-Public Documents**
**(Also known as Form 11.2)**
**Minn. Gen. R. Prac. 11.03**

This Non-Public Document Cover Sheet is accessible to the public. Using a Cover Sheet provides a public record of the non-public documents in the court file.

INSTRUCTIONS:

**1. You are responsible for designating all non-public documents you file with the court as non-public.**

**2. You are responsible for identifying the specific reason, under Minnesota law, why the public should not be allowed to see the documents you are filing with this cover sheet. If there is not a legal reason to make your documents nonpublic, court staff may make them publicly accessible and notify you of this change afterwards.**

**3. If you are e-filing, you must file this public cover sheet as a separate PDF from the non-public documents.**

The documents I am filing with this Cover Sheet are non-public because:

☐ They are "financial source documents" as defined in General Rule of Practice 11.01(c).

☐ They are "court services records" as defined in Public Access Rule 4, subd. 1(b).

☐ They are "medical records" as defined in Public Access Rule 4, subd. 1(f).

☒ I have already filed, or am simultaneously filing, a motion to have these documents filed under seal or as confidential.

☐ The documents are non-public for another reason.

REQUIRED: List the specific legal reason why the documents are non-public (please include specific page numbers if only some pages are non-public):

☐ There is a court order authorizing me to file these documents under seal as confidential:

The order was ☐ written ☐ oral

Date of order:____________________ Judicial Officer:______________________________

**CHESTNUT CAMBRONNE PA**

Dated: July 27, 2026

By: */s/ Charles R. Shafer*
Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**

MINNESOTA JUDICIAL BRANCH

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: ______________

**[PROPOSED] ORDER GRANTING MOTION TO FILE DOCUMENTS CONFIDENTIALLY**

---

On ______________, Plaintiffs filed a complaint and jury demand, a motion for a temporary restraining order and injunction, a motion to file documents confidentially, and the documents Plaintiffs requested to be filed confidentially. Plaintiff's motion to file documents confidentially is granted as follows:

**ORDER**

1. Plaintiffs' motion to file documents confidentially is granted in its entirety.
2. The Court administrator shall designate the following documents as confidential and not accessible to the public:

- Plaintiffs' Complaint and its Exhibits
- Plaintiffs' Notice of Motion and Motion for TRO and Injunction
- Plaintiffs' Memorandum of Law in Support of the Motion for TRO and Injunction

- Plaintiffs' Proposed Order for TRO and Injunction
- Declaration of Carrie Umpierre and its Exhibits
- Exhibits A-E to the Declaration of Charles R. Shafer

3. Plaintiffs shall file redacted versions of those same documents within 7 days of this Order.

Date:__________________________ ______________________________

Judge of District Court

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: ______________

**Cover Sheet for Non-Public Documents**
**(Also known as Form 11.2)**
**Minn. Gen. R. Prac. 11.03**

---

This Non-Public Document Cover Sheet is accessible to the public. Using a Cover Sheet provides a public record of the non-public documents in the court file.

INSTRUCTIONS:

**1. You are responsible for designating all non-public documents you file with the court as non-public.**

**2. You are responsible for identifying the specific reason, under Minnesota law, why the public should not be allowed to see the documents you are filing with this cover sheet. If there is not a legal reason to make your documents nonpublic, court staff may make them publicly accessible and notify you of this change afterwards.**

**3. If you are e-filing, you must file this public cover sheet as a separate PDF from the non-public documents.**

The documents I am filing with this Cover Sheet are non-public because:

☐ They are “financial source documents” as defined in General Rule of Practice 11.01(c).

☐ They are “court services records” as defined in Public Access Rule 4, subd. 1(b).

☐ They are “medical records” as defined in Public Access Rule 4, subd. 1(f).

Filed in District Court
State of Minnesota
7/28/2026 11:35 AM

☒ I have already filed, or am simultaneously filing, a motion to have these documents filed under seal or as confidential.

☐ The documents are non-public for another reason.

REQUIRED: List the specific legal reason why the documents are non-public (please include specific page numbers if only some pages are non-public):

☐ There is a court order authorizing me to file these documents under seal as confidential:

The order was ☐ written ☐ oral

Date of order:____________________ Judicial Officer:______________________________

**CHESTNUT CAMBRONNE PA**

Dated: July 27, 2026

By: */s/ Charles R. Shafer*
Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**

MINNESOTA JUDICIAL BRANCH

**STATE OF MINNESOTA** **DISTRICT COURT**

**COUNTY OF ST. LOUIS** **SIXTH JUDICIAL DISTRICT**

---

Case Type: Breach of Contract
Court File No.

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

v.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

**_EX PARTE_ ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY INJUNCTION AND RESTRAINING ORDER**

---

The above-captioned matter came before this Court on ________ pursuant to Plaintiffs' motion for a Temporary Injunction and Restraining Order. Attorneys Charles Shafer and Harrison Berg of Chestnut Cambronne PA appeared on behalf of Plaintiffs.

Based on the submissions of the parties, argument of counsel, and the entire record herein, the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1. Defendants are hereby temporarily enjoined and restrained from entering or taking any further actions regarding the Option Properties owned by Plaintiffs. The Option Properties are identified in Index A to this Order.
2. Defendants are hereby enjoined and restrained from taking any further actions to purchase or close on any such purchase of the Option Properties.



MINNESOTA JUDICIAL BRANCH

3. Defendants are enjoined and restrained from taking any further actions to enforce any rights in the Option Agreements.
4. This Order shall continue until further Order of this Court. Pursuant to Minn. R. Civ. P. 65.03 the Court finds that this matter is an unusual case and there is no need for a bond.
5. Relief from the provisions of this injunction may be sought by any of the parties hereto.

**So ordered** **BY THE COURT**

Dated: ___________________ ______________________________________

The Honorable _____________
Judge of the District Court

MINNESOTA JUDICIAL BRANCH

## INDEX A

The Plaintiffs' Option Properties that are the subject of this Order are as follows:

**Carrie's Property:**

THE FOLLOWING REAL PROPERTY LOCATED IN THE COUNTY OF ST. LOUIS, STATE OF MINNESOTA:

FIFTY (50) ACRES, MORE OR LESS, AS GENERALLY DEPICTED ON EXHIBIT A-1 AND LYING WITHIN THE FOLLOWING DESCRIBED REAL PROPERTY:

Northwest Quarter of Southeast Quarter (NW 1/4 of SE 1/4) and North one-half of Northeast Quarter of Southwest Quarter of Southeast Quarter (N 1/2 of NE 1/4 of SW 1/4 of SE 1/4) and the Westerly 330 feet of Southeast Quarter of the Southeast Quarter (SE 1/4 of SE 1/4), all in Section Thirty-one (31), Township Fifty (50) North of Range Fifteen (15) West of the Fourth Principal Meridian, according to the U.S. Government Survey thereof.

*which is depicted as follows*:

MINNESOTA
JUDICIAL
BRANCH




AND

**Sharon's Property:**

THE FOLLOWING REAL PROPERTY LOCATED IN THE COUNTY OF ST. LOUIS, STATE OF MINNESOTA:

Southwest Quarter of the Northeast Quarter (SW 1/4 of NE 1/4), Section Thirty-one (31), Township Fifty (50), Range Fifteen (15).

*which is depicted as follows*:

MINNESOTA JUDICIAL BRANCH




MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/28/2026 12:27 PM

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: _____________

**DECLARATION OF HARRISON E. BERG IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

---

I, Harrison E. Berg, state as follows:

1. I am counsel for Plaintiffs in this matter.

2. I submit this declaration in support of the Motion for a Temporary Injunction and Temporary Restraining Order and to comply with Minn. Gen. Prac. 3 and Minn. R. Civ. P. 65.01.

3. Plaintiffs have attempted to notify the Defendants in this matter of the Motion for Temporary Injunction and Temporary Restraining Order by sending the same to counsel for Foghorn Energy Center, LLC, Harmony Group, LLC, and Savion, LLC via email transmission.

MINNESOTA JUDICIAL BRANCH

4. Plaintiffs have also attempted to notify the Defendants in this matter of the Motion by sending the same to a process server for personal service on all three defendants. The process server accomplished service on Foghorn Energy Center, LLC, Harmony Group, LLC on July 27, 2026. Plaintiffs expect that service on Savion, LLC will be accomplished by July 28, 2026. Affidavits of service will follow.

5. To my knowledge, Plaintiffs have made no prior applications for the relief requested or for a similar order.

I declare under penalty of perjury that everything stated in this Declaration is true and correct to the best of my knowledge pursuant to Minn. Stat. § 358.116. Signed on the date below in Hennepin County, State of Minnesota.

Dated: July 27, 2026

By: */s/ Harrison E. Berg*
Harrison E. Berg (#0402338)

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/28/2026 1:17 PM

STATE OF MINNESOTA
COUNTY OF ST. LOUIS

DISTRICT COURT
SIXTH JUDICIAL DISTRICT

Carrie Umpierre, et al.
Plaintiffs,

vs.

Foghorn Energy Center, LLC, et al.
Defendants,

Court File Number

AFFIDAVIT OF SERVICE

State of Delaware
County of New Castle } SS

I, GILBERT DEL VALLE, state that on Tuesday, July 28, 2026 at 12:15 PM I served the Summons; Complaint; Confidential Exhibits; Notice of Motion and Motion to File Confidentially; Declaration of Charles Shafer [with Exhibits]; [Proposed] Order Granting Motion to File Documents Confidentially; Plaintiffs' Ex Parte Notice of Motion and Motion for a Temporary Injunction and Temporary Restraining Order; Plaintiffs' Memorandum of Law in Support of Their Motion for a Temporary Injunction and Temporary Restraining Order; Declaration of Carrie Umpierre; Ex Parte Order Granting Plaintiffs' Motion for a Temporary Injunction and Restraining Order upon Savion, LLC, a Delaware limited liability company, therein named, personally at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, by handing to and leaving with MS. DENISE, Service of Process Specialist at Corporation Service Company, the Registered Agent for Savion, LLC, a Delaware limited liability company, expressly authorized to accept service of process for same, a true and correct copy thereof.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minnesota Statute § 358.116.

Dated: 7 / 28 /2026

GILBERT DEL VALLE

MINNESOTA JUDICIAL BRANCH

* Service was completed by an independent contractor retained by Metro Legal Services, Inc.

Serial # CHECA 339208 5415

Re: Umpierre

METRO LEGAL
legal support specialists since 1969

616 South 3rd Street
Minneapolis, MN 55415
(800) 488-8994
www.metrolegal.com

STATE OF MINNESOTA DISTRICT COURT

COUNTY OF ST. LOUIS SIXTH JUDICIAL DISTRICT

| | |
|---|---|
| Carrie Umpierre and Sharon Umpierre,<br><br>Plaintiffs,<br><br>vs.<br><br>Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,<br><br>Defendants. | Court File No.: 69DU-CV-26-2040<br><br>The Hon. Shawn L. Pearson<br><br>Case Type: Breach of Contract<br><br>**NOTICE OF APPEARANCE** |

**TO: THE COURT ADMINISTRATOR, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that the undersigned attorney hereby notifies the Court, counsel, and all parties that Leland Abide of Kutak Rock LLP is the attorney for Defendant Harmony Group LLC.

**PLEASE PROVIDE COPIES** of all subsequent pleadings or papers served or filed in this action to the undersigned in compliance with Minnesota Rule of Civil Procedure 5.01.

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/29/2026 1:49 PM

Dated: July 29, 2026

Respectfully submitted,

KUTAK ROCK LLP

*Leland P. Abide*

Aaron A. Myers (#311959)
Leland P. Abide (#0398269)
60 South 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
aaron.myers@kutakrock.com
leland.abide@kutakrock.com

*Attorneys for Defendant Harmony Group LLC*

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/29/2026 1:49 PM

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT |

| | |
|---|---|
| Carrie Umpierre and Sharon Umpierre,<br><br>Plaintiffs,<br><br>vs.<br><br>Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,<br><br>Defendants. | Court File No.: 69DU-CV-26-2040<br><br>The Hon. Shawn L. Pearson<br><br>Case Type: Breach of Contract<br><br>**NOTICE OF APPEARANCE** |

**TO: THE COURT ADMINISTRATOR, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that the undersigned attorney hereby notifies the Court, counsel, and all parties that Aaron Myers of Kutak Rock LLP is the attorney for Defendant Harmony Group LLC.

**PLEASE PROVIDE COPIES** of all subsequent pleadings or papers served or filed in this action to the undersigned in compliance with Minnesota Rule of Civil Procedure 5.01.

MINNESOTA JUDICIAL BRANCH

Dated: July 29, 2026

Respectfully submitted,

KUTAK ROCK LLP

*Aaron A. Myers*
Aaron A. Myers (#311959)
Leland P. Abide (#0398269)
60 South 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
aaron.myers@kutakrock.com
leland.abide@kutakrock.com

*Attorneys for Defendant Harmony Group LLC*

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/29/2026 1:49 PM

KUTAKROCK

**Kutak Rock LLP**
60 South Sixth Street, Suite 3400, Minneapolis, MN 55402
office 612.334.5000

**Leland P. Abide**
612.334.5000
leland.abide@kutakrock.com

July 29, 2026
**VIA ECF**

Judge Shawn L. Pearson
St. Louis County Courthouse
100 North 5th Avenue West
Duluth, MN 55802

Re: *Carrie Umpierre and Sharon Umpierre v. Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company*; No. 69DU-CV-26-2040

Dear Judge Pearson:

Our firm represents Harmony Group LLC, a Defendant in the above-captioned matter. I write to advise the Court regarding Plaintiffs' Ex Parte Notice of Motion and Motion for a Temporary Injunction and Temporary Restraining Order, filed July 28, 2026, pursuant to Minn. R. Civ. P. 65.01 and 65.02. Plaintiffs' Motion asserts that they will suffer irreparable harm and be "wrongfully dispossessed of their property" if their motion is not granted prior to the scheduled closing on July 31, 2026. Harmony disputes the factual and legal assertions set forth in Plaintiffs' Motion and Complaint and disagrees that Plaintiffs are entitled to the relief sought. Nevertheless, to ensure that all parties have an opportunity to be heard and the Court can consider the matter on a full record, Harmony has postponed the closing previously scheduled for Friday, July 31, 2026. Harmony intends to address the closing no earlier than October 1, 2026, with the intent of allowing the Court to conduct a hearing on the pending motion and issue a ruling before closing.

Counsel for Harmony is conferring with counsel for Plaintiffs this afternoon and, if in agreement, they will jointly contact the Court to request a hearing date. Given the impending deadline of the original July 31 closing date, Harmony did not want to delay notifying the Court that the July 31 closing is postponed, and that the exigent circumstances described in Plaintiffs' Motion have been alleviated. Should the Court have any questions, please contact me.

Respectfully submitted,

Leland P. Abide

Cc: all counsel of record

4917-7017-8242.2

Filed in District Court
State of Minnesota
7/30/2026 3:20 PM

**STATE OF MINNESOTA** **DISTRICT COURT**

**COUNTY OF ST. LOUIS** **SIXTH JUDICIAL DISTRICT**

Case Type: Breach of Contract
Court File No. 69DU-CV-26-2040

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

v.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

***EX PARTE* ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND RESERVING PLAINTIFFS' MOTION FOR A TEMPORARY INJUNCTION**

MINNESOTA JUDICIAL BRANCH

The above-captioned matter came before this Court on without a hearing pursuant to Plaintiffs' motion for a Temporary Injunction and Restraining Order. Attorneys Charles Shafer and Harrison Berg of Chestnut Cambronne PA appeared on behalf of Plaintiffs.

Plaintiffs allege that they own property in Hermantown, Minnesota and that they entered into an option contract with Defendants Foghorn and Savion whereby Defendants had a right of entry onto Plaintiffs' property for the exclusive purpose of developing, generating, and storing solar energy. Foghorn and Savion entered discussions with Harmony, another named Defendant. Plaintiffs believed all Defendants would abide by and were bound by the option contract to generate and store solar energy only, but later discovered that Harmony planned to build a Google data center, which is alleged to be a breach of the option contract.

Plaintiffs seek injunctive relief to prevent their property from being used for a data center rather than to develop the solar energy provided for exclusively in the option contracts. On July 29, 2026, Harmony filed correspondence indicating it had postponed the previously scheduled date of closing of July 31, 2026 to no earlier than October 1, 2026.

Minn. R. Civ. P. 65.01 permits the Court to issue a temporary restraining order without notice to the adverse party only if it appears that immediate and irreparable injury, loss, or damage will result. Postponement of the closing removes the immediate nature of the Plaintiffs' alleged injury, loss, or damage. Minn. R. Civ. P. 65.02 allows the Court to issue a temporary injunction with notice and upon sufficient evidence. Accordingly, a hearing shall be set to address the motion.

Based on the submissions of the parties, arguments of counsel, and the entire record herein, the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1. Plaintiffs' Motion for a Temporary Restraining Order is DENIED.
2. Plaintiffs' Motion for a Temporary Injunction is RESERVED.
3. A Motion Hearing is set for August 17, 2026 at 10:00a.m. at the St. Louis County Courthouse, in-person.

**So ordered.**

**BY THE COURT:**

Pearson, Shawn

Digitally signed by Pearson, Shawn
Date: 2026.07.30 14:52:34 -05'00'

Dated: July 30, 2026

The Hon. Shawn L. Pearson
Judge of the District Court

Filed in District Court | State of Minnesota | 7/30/2026

State of Minnesota
St. Louis County

District Court
Sixth District
Court File Number: 69DU-CV-26-2040
Case Type: Contract

## Notice of Filing of Order

File Copy

---

Carrie Umpierre, Sharon Umpierre vs Foghorn Energy Center, LLC, a Delaware limited liability company, Harmony Group LLC, a Delaware limited liability company, Savion, LLC, a Delaware limited liability company

You are notified that on July 30, 2026 the following was filed:

EX PARTE ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND RESERVING PLAINTIFFS' MOTION FOR A TEMPORARY INJUNCTION

Dated: July 30, 2026

Kim Vezina - Interim
Court Administrator
St. Louis County District Court
100 North 5th Avenue West
Duluth Minnesota 55802-1285
(218) 221-7560

cc: CHARLES ROBERT SHAFER

A true and correct copy of this notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

MINNESOTA JUDICIAL BRANCH

State of Minnesota
St. Louis County

District Court
Sixth District
Court File Number: 69DU-CV-26-2040
Case Type: Contract

# Notice of Hearing

File Copy

Carrie Umpierre, Sharon Umpierre vs Foghorn Energy Center, LLC, a Delaware limited liability company, Harmony Group LLC, a Delaware limited liability company, Savion, LLC, a Delaware limited liability company

You are notified of the following hearing date before District Court Judge Shawn L Pearson:

**Hearing Information**
August 17, 2026
10:00 AM
Motion Hearing
100 North 5th Avenue West
Duluth Minnesota 55802-1285
(218) 221-7560

You are expected to appear fully prepared. You must notify the court if your address changes. Any documents, photos or audio or video recordings you want a judicial officer to consider at an evidentiary hearing or trial (called “exhibits” or “evidence”) must be submitted electronically to the court, before the hearing, through the Minnesota Digital Exhibit System (MNDES), unless an exception applies. Visit Minnesota Judicial Branch website (mncourts.gov/MNDES) for more information.

**You must notify the court if your address changes.**

To receive an eReminder for future court dates via e-mail or text, visit the Minnesota Judicial Branch Website (mncourts.gov/Hearing-eReminders) or scan the QR code to enroll.

Dated: July 30, 2026

Kim Vezina - Interim

St. Louis County Court Administrator

cc: Charles Robert Shafer

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
7/31/2026 8:50 AM

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT |

| | |
|---|---|
| Carrie Umpierre and Sharon Umpierre,<br><br>Plaintiffs,<br><br>vs.<br><br>Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,<br><br>Defendants. | Court File No.: 69DU-CV-26-2040<br><br>The Hon. Shawn L. Pearson<br><br>Case Type: Breach of Contract<br><br>**STIPULATED BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

This stipulated briefing schedule is entered into between Plaintiffs Carrie Umpierre and Sharon Umpierre ("Plaintiffs") and Defendant Harmony Group LLC ("Harmony") on July 31, 2026.

WHEREAS, on July 28, 2026 Plaintiffs' filed their *Ex Parte* Notice of Motion and Motion for a Temporary Injunction and Temporary Restraining Order; and

WHEREAS, on July 29, 2026, Harmony, though counsel at Kutak Rock LLP, postponed the closing previously scheduled for Friday, July 31, 2026 and stated that it intends to address the closing no earlier than October 1, 2026; and

WHEREAS, on July 30, 2026, the Court entered an *Ex Parte* Order that denied Plaintiffs' Motion for a Temporary Restraining Order and reserved ruling on Plaintiffs' Motion for a Temporary Injunction; and

WHEREAS, the Court ordered that a Motion Hearing will be held on August 17, 2026, at 10:00 a.m. at the St. Louis County Courthouse; and

Filed in District Court
State of Minnesota
7/31/2026 8:50 AM

WHEREAS, counsel for Plaintiffs and met and conferred with counsel for Harmony on July 30, 2026, and the Parties agree that a modified briefing schedule is appropriate to give Harmony a fair opportunity to respond to the Motion and thus agree to the following briefing deadlines:

1. Harmony's opposition to the Motion for Preliminary Injunction shall be filed no later than August 6, 2026; and
2. Plaintiffs' reply in support of their Motion Preliminary Injunction shall be filed no later than August 12, 2026.

Dated: July 31, 2026

Respectfully submitted,

KUTAK ROCK LLP

*Leland P. Abide*
Aaron A. Myers (#311959)
Leland P. Abide (#0398269)
60 South 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
aaron.myers@kutakrock.com
leland.abide@kutakrock.com

*Attorneys for Defendant Harmony Group LLC*

MINNESOTA JUDICIAL BRANCH

CHESTNUT CAMBRONNE PA

Dated: July 31, 2026

<u>*/s/ Charles R. Shafer*</u>

Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Tel: (612) 339-7300
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

*Attorneys for Plaintiffs*

MINNESOTA JUDICIAL BRANCH

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT |

| | |
|---|---|
| Carrie Umpierre and Sharon Umpierre,<br><br>Plaintiffs,<br><br>vs.<br><br>Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,<br><br>Defendants. | Court File No.: 69DU-CV-26-2040<br><br>The Hon. Shawn L. Pearson<br><br>Case Type: Breach of Contract<br><br>**[PROPOSED] ORDER GRANTING STIPULATED BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

This matter came before the Court on the Stipulated Briefing Scheduled between Plaintiffs Carrie Umpierre and Sharon Umpierre ("Plaintiffs") and Defendant Harmony Group LLC ("Harmony") on July 31, 2026, relating to Plaintiffs' Motion for Preliminary Injunction, which is set to be heard by this Court on August 17, 2026, at 10:00 a.m.

Based on the submissions of the parties, arguments of counsel, the entire record herein, and for good cause shown, the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1. Harmony's opposition to the Motion for Preliminary Injunction shall be filed no later than August 6, 2026; and
2. Plaintiffs' reply in support of their Motion Preliminary Injunction shall be filed no later than August 12, 2026.

So Ordered. BY THE COURT:

Dated: ________

______________________________
The Hon. Shawn L. Pearson
Judge of the District Court

Filed in District Court
State of Minnesota
7/31/2026 2:21 PM

**STATE OF MINNESOTA** **DISTRICT COURT**

**ST. LOUIS COUNTY** **SIXTH JUDICIAL DISTRICT**

---

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

vs.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

Case Type: Breach of Contract
Court File No.: 69DU-CV-26-2040

**ORDER GRANTING MOTION TO FILE DOCUMENTS CONFIDENTIALLY**

---

On July 28, 2026, Plaintiffs filed a complaint and jury demand, a motion for a temporary restraining order and injunction, a motion to file documents confidentially, and the documents Plaintiffs requested to be filed confidentially. Plaintiff's motion to file documents confidentially is granted as follows:

**ORDER**

1. Plaintiffs' motion to file documents confidentially is granted in its entirety.
2. The Court administrator shall designate the following documents as confidential and not accessible to the public:

- Plaintiffs' Complaint and its Exhibits
- Plaintiffs' Notice of Motion and Motion for TRO and Injunction
- Plaintiffs' Memorandum of Law in Support of the Motion for TRO and Injunction

- Plaintiffs' Proposed Order for TRO and Injunction
- Declaration of Carrie Umpierre and its Exhibits
- Exhibits A-E to the Declaration of Charles R. Shafer

3. Plaintiffs shall file redacted versions of those same documents within 7 days of this Order.

Pearson, Shawn
Digitally signed by Pearson, Shawn
Date: 2026.07.30 09:10:02 -05'00'

Date: July 30, 2026

Hon. Shawn L. Pearson
Judge of the District Court

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
7/31/2026 2:21 PM

Filed in District Court | State of Minnesota | 7/31/2026

State of Minnesota
St. Louis County

District Court
Sixth District
Court File Number: 69DU-CV-26-2040
Case Type: Contract

# Notice of Filing of Order

File Copy

---

Carrie Umpierre, Sharon Umpierre vs Foghorn Energy Center, LLC, a Delaware limited liability company, Harmony Group LLC, a Delaware limited liability company, Savion, LLC, a Delaware limited liability company

You are notified that on July 31, 2026 the following was filed:

Order Granting Motion

Dated: July 31, 2026

Kim Vezina - Interim
Court Administrator
St. Louis County District Court
100 North 5th Avenue West
Duluth Minnesota 55802-1285
(218) 221-7560

cc: Foghorn Energy Center, LLC; Savion, LLC; CHARLES ROBERT SHAFER; LELAND PATRICK ABIDE

A true and correct copy of this notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

Filed in District Court
State of Minnesota
7/31/2026 4:26 PM

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT

| | |
|---|---|
| Carrie Umpierre and Sharon Umpierre,<br><br>Plaintiffs,<br><br>vs.<br><br>Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,<br><br>Defendants. | Court File No.: 69DU-CV-26-2040<br><br>The Hon. Shawn L. Pearson<br><br>Case Type: Breach of Contract<br><br>**ORDER GRANTING STIPULATED BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

This matter came before the Court on the Stipulated Briefing Scheduled between Plaintiffs Carrie Umpierre and Sharon Umpierre ("Plaintiffs") and Defendant Harmony Group LLC ("Harmony") on July 31, 2026, relating to Plaintiffs' Motion for Preliminary Injunction, which is set to be heard by this Court on August 17, 2026, at 10:00 a.m.

Based on the submissions of the parties, arguments of counsel, the entire record herein, and for good cause shown, the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1. Harmony's opposition to the Motion for Preliminary Injunction shall be filed no later than August 6, 2026; and

2. Plaintiffs' reply in support of their Motion Preliminary Injunction shall be filed no later than August 12, 2026.

So Ordered.

Dated: July 31, 2026

BY THE COURT:

Pearson, Shawn
Digitally signed by Pearson, Shawn
Date: 2026.07.31 15:53:45 -05'00'

The Hon. Shawn L. Pearson
Judge of the District Court

Filed in District Court
State of Minnesota
7/31/2026 4:26 PM

Filed in District Court | State of Minnesota | 7/31/2026

State of Minnesota
St. Louis County

District Court
Sixth District
Court File Number: 69DU-CV-26-2040
Case Type: Contract

## Notice of Filing of Order

File Copy

---

Carrie Umpierre, Sharon Umpierre vs Foghorn Energy Center, LLC, a Delaware limited liability company, Harmony Group LLC, a Delaware limited liability company, Savion, LLC, a Delaware limited liability company

You are notified that on July 31, 2026 the following was filed:

Order-Other

Dated: July 31, 2026

Kim Vezina - Interim
Court Administrator
St. Louis County District Court
100 North 5th Avenue West
Duluth Minnesota 55802-1285
(218) 221-7560

cc: Foghorn Energy Center, LLC; Savion, LLC; CHARLES ROBERT SHAFER; LELAND PATRICK ABIDE

A true and correct copy of this notice has been served pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.

MINNESOTA JUDICIAL BRANCH

**STATE OF MINNESOTA** **DISTRICT COURT**

**COUNTY OF ST. LOUIS** **SIXTH JUDICIAL DISTRICT**

Case Type: Breach of Contract
Court File No.

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

v.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

**PLAINTIFFS' COMPLAINT AND JURY DEMAND**

## INTRODUCTION

Plaintiffs Carrie Umpierre and Sharon Umpierre, (hereinafter collectively, "Plaintiffs"), as and for their Complaint against Defendants, state and allege as follows:

## PARTIES

1. Plaintiff Carrie Umpierre ("Carrie") resides at 5747 St. Louis River Road, Hermantown, County of St. Louis, State of Minnesota.

2. Plaintiff Sharon Umpierre ("Sharon") resides at 18 Lois Lane, Esko, County of Carlton, State of Minnesota. Sharon Umpierre owns real property adjacent to 5747 St. Louis River Road, Hermantown, County of St. Louis, but which is not assigned a street

MINNESOTA JUDICIAL BRANCH

address. Sharon owns real property at issue in this lawsuit, for which the legal description is provided below, in fee simple.

3. On information and belief, Defendant Foghorn Energy Center, LLC ("Foghorn") is a Delaware limited liability company with its principal office at 251 Little Falls Drive, Wilmington, Delaware.

4. On information and belief, Defendant Harmony Group LLC ("Harmony Group") is a Delaware limited liability company with its principal office at 251 Little Falls Drive, Wilmington, Delaware.

5. On information and belief, Defendant Savion, LLC ("Savion") is a Delaware limited liability company with its principal office at 422 Admiral Blvd, Kansas City, Missouri.

MINNESOTA JUDICIAL BRANCH

**JURISDICTION AND VENUE**

6. This action involves real property located in St. Louis County.

7. Venue is proper in this county and in this district, pursuant to Minn. Stat. § 542.02, because the situs of Plaintiffs' real properties, which are the subject of the agreements that Foghorn and Harmony breached, are located in St. Louis County.

8. This Court has subject matter jurisdiction over this matter pursuant to Minn. Stat. § 484.01, subd. 1(1), which grants district courts original jurisdiction in all civil actions within their respective districts.

9. The Court has personal jurisdiction over Defendants as they have intentionally availed themselves of personal jurisdiction in Minnesota as alleged below.

**INTRODUCTORY STATEMENT**

10. Defendants convinced Plaintiffs to enter agreements concerning their real property by misrepresenting their intended uses of the properties. For example, Defendants Savion and Foghorn represented to Plaintiffs that they intended to use the real properties at issue in this lawsuit to develop [redacted]. As alleged below, these representations were false. Defendants intended, at all relevant times, and continue to intend, to obtain access to Plaintiffs' properties to develop a data center. Plaintiffs relied on these representations to their detriment. Plaintiffs later learned that Defendants intended to develop their properties into a data center. Accordingly, Defendants' actions also breach the relevant agreements concerning their real property and are unlawful for the other reasons alleged below. This lawsuit follows. Plaintiffs seek, among other things, an injunction preventing Defendants from taking further action to develop Plaintiffs' properties into data centers.

**FACTUAL ALLEGATIONS**

*Savion and Foghorn misrepresent their intended use of the Option Properties*

11. At all relevant times, Savion acted as an agent of Foghorn and Harmony Group.

MINNESOTA JUDICIAL BRANCH

12. On or about August 26, 2022, Nick Schuler, an employee of Savion, spoke with Carrie Umpierre, Sharon Umpierre, and Manny Umpierre[1]. Mr. Schuler, when speaking with the Umpierres, was acting as an agent of Foghorn.

13. During this conversation, Mr. Schuler represented that Savion and/or Foghorn intended to use Sharon and Carrie's properties for the purposes of exploring the development of s[redacted].

14. Leading up to this conversation, Savion and Foghorn sent pamphlets and brochures to the Umpierres regarding their intended use of the Umpierre's properties. These documents represented that Savion and/or Foghorn intended to use the Option Properties – if the Umpierres agreed – to develop [redacted]. A true and accurate copy of these materials are attached hereto as **Exhibit A**.

15. Mr. Schuler never mentioned that Foghorn actually intended to use Sharon and Carrie's properties to develop a data center.

16. Mr. Schuler's representations were false as Foghorn and Savion were aware that they intended to use Carrie and Sharon's properties to develop a data center.

17. Mr. Schuler, as well as Savion and Foghorn, knew that these representations were false.

MINNESOTA JUDICIAL BRANCH

[1] Manny Umpierre ("Manny"), Sharon's husband, passed away shortly before Plaintiffs commenced this lawsuit.

18. Mr. Schuler, as well as Savion and Foghorn, made these representations in order to induce the Umpierres into entering contracts with them to [redacted].

19. Sharon and Carrie reasonably and justifiably relied on Mr. Schuler's representations.

20. Mr. Schuler's representations were material.

21. If Sharon or Carrie had known that Savion and/or Foghorn would develop their real properties into a data center, they would not have entered any agreements with Defendants.

22. Plaintiffs subsequently entered into Real Estate Option Agreements ("Option Agreements") with Foghorn, which are the subject matter of this lawsuit. There are two sets of Real Estate Options Agreements, and each set is nearly identical to the other(s), except as otherwise explained below.

23. As a direct and proximate result of these fraudulent representations, Plaintiffs have been damaged.

*The Carrie Umpierre Agreement*

24. [redacted], Carrie Umpierre entered into a Real Estate Option Agreement (the "Carrie Agreement") with Foghorn, who purported to be a [redacted] company. The Carrie Agreement is attached hereto as **Exhibit B**. The Carrie Agreement concerns the [redacted] Carrie's land legally described as:

[redacted]

MINNESOTA
JUDICIAL
BRANCH



(Ex. B.)

[redacted].

[redacted].

[redacted].

[redacted].” (Ex. B § 14.)

28. Importantly, Section 8 of the Carrie Agreement grants Foghorn the following contractual rights:

[redacted]

[redacted]

(Ex. B § 8.)

29 . Under Section 12B of the Carrie Agreement:

[redacted]

(Exh. B § 12.B.)

*The Manny and Sharon Umpierre Agreement.*

30 . Manny and Sharon Umpierre also entered into a nearly identical Real Estate Option Agreement (the "Manny and Sharon Agreement") with Foghorn on [redacted]. The Manny and Sharon Agreement is attached hereto as **Exhibit C.**

31 . The real property subject to the Manny and Sharon Agreement is described as the following:

[redacted]

MINNESOTA JUDICIAL BRANCH

[redacted]

(Ex. C.)

MINNESOTA JUDICIAL BRANCH



(Ex. C.)[2]

32. Only a few terms in the Manny and Sharon Agreement differ from those in the Carrie Agreement. For example, [redacted], and thus the total [redacted] on their land was different. (Ex. C, Recital A, §§ 1, 4.) Additionally, the Manny and Sharon Agreement does not provide [redacted] Sharon's real property during the [redacted], due to the differences in the real property itself. (*See* Ex. C § 10.)

***Consent to Assignment from Foghorn to Harmony Group.***

33. In late 2024, Carrie, Manny, and Sharon were approached by Savion, who informed them that they had "a [redacted] [redacted] [redacted] [redacted]," according to an email from Savion's representative Nick Shuler. Savion sent the Umpierres a draft of a [redacted], which would have the Umpierres agree that [redacted] Harmony Group LLC.

34. On December 22, 2024, the Umpierres executed the Consent to Assignment, a copy of which is attached hereto as **Exhibit D** (the "Consent").

35. Under Section 1 of the Consent, "[redacted],

[2] The real property that is the subject of both Option Agreements shall collectively be referred to as the "Option Properties" throughout this Complaint.



MINNESOTA JUDICIAL BRANCH

[redacted]" (Ex. D § 1.)

36. Thus, under the Consent, Harmony Group is bound by Section 8 of the Option Agreements, which [redacted]." (Ex. B § 8.)

37. In January of 2025, the Umpierres were contacted by [redacted], who they learned, had partnered with Savion, Foghorn, and Harmony Group about the [redacted]. [redacted] with Savion, offered new Option Agreements for more of the Umpierres' land. The Umpierres declined the offers on January 27, 2025.

38. In March of 2025, the Umpierres learned from Savion that Harmony Group intended to enter the Option Properties for purposes relating to a data center.

39. This use of the Option Properties was not authorized according to the Option Agreements and, as alleged below, breaches the applicable Options Agreements.

40. On March 3, 2026, Savion sent Carrie Umpierre [redacted] to inform her that Foghorn and Harmony Group intended to use the Option Properties for the purposes of [redacted]:

MINNESOTA JUDICIAL BRANCH

https://www.wdio.com/front-page/top-stories/google-confirms-plans-for-proposed-hermantown-data-center/.

41. On or about June 12, 2026, the Umpierres, through counsel, provided notice to Savion, Harmony Group, and Foghorn that their use of the Option Properties for a [redacted]ch of the Option Agreements, triggering [redacted].

42. Attached hereto as **Exhibit E** is a true and accurate copy of this correspondence providing Defendants with [redacted] of the Option Agreements and/or Consent.

43. To date, although more th[redacted]e Plaintiffs provided Foghorn and Harmony Group of their r[redacted] (Ex. E), Defendants have r[redacted], as the site is continuing to be developed for data center use rather [redacted].

44. Accordingly, Plaintiffs have successfully [redacted]d [redacted]e [redacted]h Agreements and Consent and Defendants no longer have any rights in the Option Properties.

**<u>COUNT I</u>**
**BREACH OF CONTRACT**
**(Against Foghorn and Harmony Group)**

45. Plaintiffs reallege and incorporate by reference each preceding paragraph as though fully set forth herein.



MINNESOTA JUDICIAL BRANCH

46. According to Section 8 of the Option Agreements, Foghorn and Harmony Group [redacted]t [redacted]y.

47. Defendants' intended use of the Option Properties is for a [redacted]r [redacted]e in Section 8 of the Option Agreements.

48. The Consent only allowed Harmony Group and Foghorn, [redacted]r [redacted]o u[redacted]n the Option Agreements. As a result, Defendants Foghorn and Harmony Group have breached the Option and Consent.

49. As a result of the foregoing, Defendants Savion, Foghorn are liable to Plaintiffs for breach of contract in an amount exceeding $50,000, to be determined at trial, and t[redacted]d prior to the Effective Date.

50. If Defendants fail to r[redacted]n, Defendants are liable to Plaintiffs in an amount to be proven at trial but in excess of Fifty Thousand Dollars ($50,000).

51. Under the Option Agreements and Consent, Plaintiffs are [redacted]r [redacted]o remedy Defendants' breaches of contract.

MINNESOTA JUDICIAL BRANCH

**COUNT II**
**DECLARATORY JUDGMENT**
**Minn. Stat. § 555, *et seq*.**

52. Plaintiffs reallege and incorporate each preceding paragraph as though fully set forth herein.

53. A justiciable controversy exists between the parties that must be resolved.

54. The controversy between the parties is not hypothetical or speculative; it is ripe for review.

55. Plaintiffs seek an order from the Court declaring that Defendants breached the Option Agreements and Consent as alleged above.

56. Plaintiffs seek an order from the Court declaring that Plaintiffs have properly terminated the Consent and the Option Agreements and Defendants no longer [redacted]t in the Option Properties.

**COUNT III**
**FRAUD/FRAUDULENT MISREPRESENTATION**
**(Against Savion and Foghorn)**

57. Plaintiffs reallege and incorporate each preceding paragraph as though fully set forth herein.

58. On or about August 26, 2022, Nick Schuler, an employee of Savion, spoke with Carrie Umpierre, Sharon Umpierre, and Manny Umpierre.

59. During this conversation, Mr. Schuler represented that Savion and Foghorn [redacted]

60. Savion and Foghorn made similar representations to Plaintiffs by providing them [redacted] of the Option Properties during the spring or summer of 2022—leading up to the Umpierres signing the Option Agreements. [redacted], like Mr. Schuler's August 2022 misrepresentations, also [redacted]. A true and accurate copy of these representations is attached hereto as Ex. A.

61. The representations alleged above were false, as Savion and Foghorn actually intended to use the Option Properties [redacted]. Savion and Foghorn knew these representations were false.

62. These representations were made to induce Plaintiffs to enter the Options Agreements.

63. These representations were material.

64. Plaintiffs reasonably and justifiably relied on Mr. Schuler's representations.

65. Savion and Foghorn's actions, as alleged above, constitute fraud.

66. Plaintiffs have suffered damages as a result of Savion and Foghorn's fraud in an amount exceeding $50,000 to be determined at trial.



MINNESOTA JUDICIAL BRANCH

67. Plaintiffs, among other things, seek recission of the Option Agreements and/or the Consent and an Order enjoining Savion and/or Foghorn from taking any further actions [redacted]s.

**COUNT IV**
**Negligent Misrepresentation**
**(Against all Defendants)**

68. Plaintiffs reallege and incorporate each preceding paragraph as though fully set forth herein.

69. Savion, Foghorn, and Harmony Group owed Plaintiffs a duty of care because, among other reasons, Defendants had superior knowledge or expertise regarding [redacted]e of the Option Properties.

70. Savion, Foghorn, and Harmony Group informed Plaintiffs that they intended to use the Option Properties for the purposes contained in the Option Agreements, and these representations were false. By failing to inform Plaintiffs of their actual, intended use of the Option Properties, Defendants misled Plaintiffs.

71. Savion, Foghorn, and Harmony Group supplied false information to Plaintiffs regarding their intended use of the Option Properties. (*See e.g.* Ex. A.)

72. Plaintiffs justifiably relied on the information provided by Savion, Foghorn, and Harmony Group.



MINNESOTA JUDICIAL BRANCH

73. Savion, Foghorn, and Harmony Group failed to exercise reasonable care in communicating such information to Plaintiffs.

74. Defendants' negligent misrepresentations have directly and proximately damaged Plaintiffs an amount to be proven at trial but in excess of Fifty Thousand Dollars ($50,000).

**WHEREFORE**, Plaintiffs demand a **JURY TRIAL** on their claims and request the following relief from the Court:

1. Judgment in favor of Plaintiffs and against Defendants, in an amount equal to all of Plaintiffs' damages sustained herein, which amount is in excess of Fifty Thousand and 00/100 Dollars ($50,000.00).

2. Judgment in favor of Plaintiffs and against Defendants in an amount equal to all of Plaintiff's costs, disbursements and attorney's fees incurred herein, which amount is in excess of Fifty Thousand and 00/100 Dollars ($50,000.00).

3. Order all costs of this proceeding, including prejudgment and postjudgment interest, be paid by Defendant to the extent authorized by law.

4. An Order declaring that the Option Agreements and Consent are terminated and Defendants' rights in the Option Properties are hereby terminated.

MINNESOTA JUDICIAL BRANCH

5. An order enjoining Defendants or their agents, employees, or assigns, from entering Plaintiffs' Option Properties during the pendency of this litigation and thereafter.

6. For such other further relief as the Court deems just and equitable.

**CHESTNUT CAMBRONNE PA**

Dated: July 20, 2026

By: */s/ Charles R. Shafer*
Charles R. Shafer (#0401080)
Harrison E. Berg (#0402338)
100 Washington Ave. S., Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
cshafer@chestnutcambronne.com
hberg@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFFS**

MINNESOTA JUDICIAL BRANCH

**ACKNOWLEDGMENT**

Plaintiff asserts these claims in good faith and acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party as provided by Minn. Stat. § 549.211, subd. 2.

Dated: July 20, 2026

*/s/ Charles R. Shafer*
Charles R. Shafer

# VERIFICATION

**STATE OF MINNESOTA )**
**) SS.**
**COUNTY OFST. LOUIS )**

I, Carrie Umpierre, declare under penalty of perjury that I am one of the Plaintiffs in the foregoing proceeding, that I have read the foregoing Complaint and know the contents thereof; that the same is true of my own knowledge, except those matters therein stated upon information and belief and, as to such matters, I believe them to be true.

I declare under penalty of perjury that everything I have stated in this document is true and correct pursuant to Minn. Stat. § 358.116. I have executed this document in St. Louis County, State of Minnesota, on the date set forth below.

Dated: 7/22/2026 | 11:04 AM CDT

Signed by:
Carrie Umpierre
65174BEF2ED448B...

Carrie Umpierre

MINNESOTA JUDICIAL BRANCH

# VERIFICATION

**STATE OF MINNESOTA )**
**) SS.**
**COUNTY OF ST. LOUIS )**

I, Sharon Umpierre, declare under penalty of perjury that I am one of the Plaintiffs in the foregoing proceeding, that I have read the foregoing Complaint and know the contents thereof; that the same is true of my own knowledge, except those matters therein stated upon information and belief and, as to such matters, I believe them to be true.

I declare under penalty of perjury that everything I have stated in this document is true and correct pursuant to Minn. Stat. § 358.116. I have executed this document in St. Louis County, State of Minnesota, on the date set forth below.

Dated: 7/22/2026 | 1:22 PM CDT

Signed by:
Sharon Umpierre
3D7C95E85BAC4DC...

Sharon Umpierre

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

SAVION
A RENEWABLE ENERGY COMPANY

422 Admiral Blvd, Kansas City, MO 64106
www.savionenergy.com

**Thursday, July 28, 2022**

**Via Mail**
Carrie A. Umpierre
5747 Saint Louis River Rd.
Hermantown, MN 55810

**Re: Savion Storage – Purchase Opportunity**

Dear Ms. Umpierre,

Savion, a Shell Group portfolio company operating on a stand-alone basis is a utility-scale renewable energy developer interested in providing you with a [redacted].

As a part of this process, Savion will require necessary time to perform due diligence to confirm the feasibility of [redacted]. This period, referred to as the [redacted], will provide enough time to perform [redacted]:

[redacted]

In order to initiate the development [redacted]. Savion must [redacted]. We do that through an [redacted].

Savion has the flexibility in project development to structure the project around the expectation and future goals of the landowner. Through these terms, Savion is prepared [redacted] while maintaining the economic feasibility of the project. In the event you find these terms unacceptable, we welcome the opportunity to further speak with you to create a mutually beneficial solution.

I would like to have the opportunity to discuss this opportunity with you in greater detail. My contact information is below, and I thank you in advance for your consideration.

**Nick R. Schuler**
**Regional Development Director, Central Division**
M: 847-902-7340; Email: nschuler@savionenergy.com

**Exhibit 7A**

[redacted]

of
ion,

[redacted]

This information is current as of Feb. 11, 2022

[redacted]

Filed in District Court
[redacted] sota
[redacted] AM

[redacted]

SAVION

Please contact your Savion representative for more information or visit
www.savionenergy.com

# REAL ESTATE OPTION AGREEMENT

[redacted]

Q#5034900

Q#5034900

Q#5034900

Q#5034900

Exhibit 8

[redacted]

Q#5034900

Q#5034900

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

Q#5034900

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

JUDICIAL
BRANCH

Q#5034900

IN WITNESS WHEREOF, the parties have executed this Agreement.

**GRANTEE**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________
Aaron Lipscomb, Authorized Person

Date: 9/14/22

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________

Name: MARK ALEXANDER

Title: Authorized Person

Date: 9/14/22

**GRANTOR**

______________________
Carrie A. Umpierre

Date: ______________________

MINNESOTA JUDICIAL BRANCH

IN WITNESS WHEREOF, the parties have executed this Agreement.

**GRANTEE**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________________
Aaron Lipscomb, Authorized Person

Date: ______________________________

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________________

Name: ______________________________

Title: Authorized Person

Date: ______________________________

MINNESOTA JUDICIAL BRANCH

**GRANTOR**

______________________________
Carrie A. Umpierre

Date: 9-13-2022

Q#5034900

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Q#5034900



Exhibit 88

Q#5034900



Exhibit 89

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

**EXHIBIT "B"**

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

# EXHIBIT "C"

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM



[redacted]

BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

JUDICIAL
BRANCH

CASE 0:26-cv-03667-LMP-LIB Doc. 1-1 Filed 08/18/26 Page 97 of 203

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

MINNESOTA
JUDICIAL
BRANCH

[redacted]

MINNESOTA
JUDICIAL
BRANCH

[redacted]







[redacted]

[redacted]

MINNESOTA
JUDICIAL
BRANCH

IN WITNESS WHEREOF, the parties have executed this Agreement.

**GRANTEE**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________
Aaron Lipscomb, Authorized Person

Date: 9/14/22

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________

Name: MARK ALEXANDER

Title: Authorized Person

Date: 9/14/22

**GRANTOR**

______________________
Manuel Umpierre

______________________
Sharon Umpierre

Date: ______________________



Q#5035000

Exhibit 10 C

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

IN WITNESS WHEREOF, the parties have executed this Agreement.

**GRANTEE**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________________
Aaron Lipscomb, Authorized Person

Date: ______________________________

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________________

Name: ______________________________

Title: Authorized Person

Date: ______________________________

**GRANTOR**

Manuel Umpierre, Jr.
______________________________
Manuel Umpierre, Jr.

Sharon Umpierre
______________________________
Sharon Umpierre

Date: Sept. 13, 2022

MINNESOTA JUDICIAL BRANCH

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Q#5035000



Exhibit 109

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

**EXHIBIT "B"**

[redacted]

MINNESOTA
JUDICIAL
BRANCH



Q#5035000

Exhibit C 111

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

# EXHIBIT "C"

[redacted]

MINNESOTA JUDICIAL BRANCH



Q#5035000

Exhibit 12

[redacted]

[redacted]

BRANCH



Q#5035000

Exhibit C 14

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

BRANCH

[redacted]

JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

**EXHIBIT "A"**

[redacted]

MINNESOTA
JUDICIAL
BRANCH

[redacted]

*[Signature Page Follows]*

BRANCH

**OWNER:**

By:______________________________

Date: 12/21/24

Carrie A. Umpierre, an individual

By:______________________________

Date: 12/22/24

Manuel Umpierre, Jr., an individual

By:______________________________

Date: 12/22/24

Sharon Umpierre, an individual

**FOGHORN:**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By:______________________________

Name:____________________________

Its:_____________________________

Date:____________________________

**HARMONY:**

HARMONY GROUP LLC, a Delaware limited liability company

By:______________________________

Name:____________________________

Its:_____________________________

Date:____________________________

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

MINNESOTA
JUDICIAL
BRANCH

chestnut cambronne
ATTORNEYS AT LAW

**Chestnut Cambronne PA**

100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
T: 612.339.7300
F: 612.336.2940

www.chestnutcambronne.com

**Harrison E. Berg**
**hberg@chestnutcambronne.com**

June 12, 2026

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED AND EMAIL**

Harmony Group LLC
c/o Kutak Rock LLP
60 South 6th Street, Suite 3400
Minneapolis, MN 55402
Attn: Margot J. Wickman
Margot.wickman@kutakrock.com
projectloonmn@gmail.com

Foghorn Energy Center, LLC
c/o Savion, LLC
422 Admiral Boulevard
Kansas City, MO 64106

Re: Notice of Breach

To Whom It May Concern,

[redacted] We write to notify you that Foghorn and Harmony have breached the relevant agreements at issue in this matter. Please consider this letter your notice of breach, [redacted]

[redacted]

---

1 "Options" or "Option Agreements" hereafter. Copies of which are enclosed herein.

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM



[redacted]

The Umpierres have learned that Foghorn and/or Harmony have entered the land for purposes other than [redacted]

[redacted] If you would like to discuss a resolution of this matter, please contact the undersigned at your convenience.

The above is not an exhaustive statement of relevant facts and law. This letter does not constitute a waiver and is sent without prejudice to the Umpierres' rights, remedies, and claims, all of which are hereby reserved.

Sincerely,

**CHESTNUT CAMBRONNE PA**

Harrison E. Berg

Enclosure

cc: The Umpierres (via email only)
Charles R. Shafer, Esq. (via email only)

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

SAVION
A RENEWABLE ENERGY COMPANY
422 Admiral Blvd, Kansas City, MO 64106
www.savionenergy.com

**Thursday, July 28, 2022**

**Via Mail**
Carrie A. Umpierre
5747 Saint Louis River Rd.
Hermantown, MN 55810

**Re: Savion Storage – Purchase Opportunity**

Dear Ms. Umpierre,

Savion, a Shell Group portfolio company operating on a stand-alone basis is a utility-scale renewable energy developer interested in providing you with a [redacted].

As a part of this process, Savion will require necessary time to perform due diligence to confirm the feasibility of [redacted]. This period, referred to as the [redacted], will provide enough time to perform [redacted]:

[redacted]

In order to initiate the development [redacted]. Savion must [redacted]. We do that through an [redacted].

Savion has the flexibility in project development to structure the project around the expectation and future goals of the landowner. Through these terms, Savion is prepared [redacted] while maintaining the economic feasibility of the project. In the event you find these terms unacceptable, we welcome the opportunity to further speak with you to create a mutually beneficial solution.

I would like to have the opportunity to discuss this opportunity with you in greater detail. My contact information is below, and I thank you in advance for your consideration.

**Nick R. Schuler**
**Regional Development Director, Central Division**
M: 847-902-7340; Email: nschuler@savionenergy.com

Exhibit 26

[redacted]

of
ion,

This information is current as of Feb. 11, 2022

[redacted]

[redacted]

SAVION

Please contact your Savion representative for more information or visit

www.savionenergy.com

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

# REAL ESTATE OPTION AGREEMENT

[redacted]

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

Q#5034900

Q#5034900

Q#5034900

[redacted]

Q#5034900

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

Q#5034900

Q#5034900

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

Q#5034900

[redacted]

BRANCH

Q#5034900

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

IN WITNESS WHEREOF, the parties have executed this Agreement.

**GRANTEE**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________________
Aaron Lipscomb, Authorized Person

Date: 9/14/22

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________________

Name: MARK ALEXANDER

Title: Authorized Person

Date: 9/14/22

**GRANTOR**

______________________________
Carrie A. Umpierre

Date: ______________________________

MINNESOTA JUDICIAL BRANCH

IN WITNESS WHEREOF, the parties have executed this Agreement.

**GRANTEE**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________
Aaron Lipscomb, Authorized Person

Date: ______________________

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________

Name: ______________________

Title: Authorized Person

Date: ______________________

**GRANTOR**

[signature]
Carrie A. Umpierre

Date: 9-13-2022

MINNESOTA JUDICIAL BRANCH

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Q#5034900

Q#5034900

**EXHIBIT "B"**

[redacted]

MINNESOTA
JUDICIAL
BRANCH

CASE 0:26-cv-03667-LMP-LIB Doc. 1-1 Filed 08/18/26 Page 146 of 203

**EXHIBIT "C"**

[redacted]

MINNESOTA
JUDICIAL
BRANCH

[redacted]

[redacted]

[redacted]

JUDICIAL
BRANCH

CASE 0:26-cv-03667-LMP-LIB Doc. 1-1 Filed 08/18/26 Page 150 of 203

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

Q#5035000

[redacted]



Filed in District Court
State of Minnesota
8/3/2026 10:08 AM



Q#5035000

Exhibit 156

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM





Q#5035000

Exhibit C 158

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

IN WITNESS WHEREOF, the parties have executed this Agreement.

**GRANTEE**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________________
Aaron Lipscomb, Authorized Person

Date: 9/14/22

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________________

Name: MARK ALEXANDER

Title: Authorized Person

Date: 9/14/22

**GRANTOR**

______________________________
Manuel Umpierre

______________________________
Sharon Umpierre

Date: ______________________________

MINNESOTA JUDICIAL BRANCH

IN WITNESS WHEREOF, the parties have executed this Agreement.

**GRANTEE**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________
Aaron Lipscomb, Authorized Person

Date: ______________________

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By: ______________________

Name: ______________________

Title: Authorized Person

Date: ______________________

**GRANTOR**

Manuel Umpierre, Jr. [signature]
Manuel Umpierre, Jr.

Sharon Umpierre [signature]
Sharon Umpierre

Date: Sept. 13, 2022

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Q#5035000



Exhibit 162

Q#5035000

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

**EXHIBIT "B"**

[redacted]

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

**EXHIBIT "C"**

[redacted]

MINNESOTA
JUDICIAL
BRANCH

[redacted]

CASE 0:26-cv-03667-LMP-LIB Doc. 1-1 Filed 08/18/26 Page 169 of 203

[redacted]

BRANCH



Q#5035000

Exhibit C 167

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

JUDICIAL
BRANCH

[redacted]

JUDICIAL
BRANCH

# EXHIBIT "A"

[redacted]

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

*[Signature Page Follows]*

BRANCH

**OWNER:**

By:________________________________

Date: 12/21/24

Carrie A. Umpierre, an individual

By:________________________________

Date: 12/22/24

Manuel Umpierre, Jr., an individual

By:________________________________

Date: 12/22/24

Sharon Umpierre, an individual

**FOGHORN:**

FOGHORN ENERGY CENTER, LLC, a Delaware limited liability company

By:________________________________

Name:______________________________

Its:________________________________

Date:______________________________

**HARMONY:**

HARMONY GROUP LLC, a Delaware limited liability company

By:________________________________

Name:______________________________

Its:________________________________

Date:______________________________



4869-5149-1054.2
4866-9260-2876.1



MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

Chestnut Cambronne PA

chestnut cambronne
ATTORNEYS AT LAW

100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
T: 612.339.7300
F: 612.336.2940

www.chestnutcambronne.com

**Harrison E. Berg**
**hberg@chestnutcambronne.com**

June 12, 2026

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED AND EMAIL**

Harmony Group LLC
c/o Kutak Rock LLP
60 South 6th Street, Suite 3400
Minneapolis, MN 55402
Attn: Margot J. Wickman
Margot.wickman@kutakrock.com
projectloonmn@gmail.com

Foghorn Energy Center, LLC
c/o Savion, LLC
422 Admiral Boulevard
Kansas City, MO 64106

Re: Notice of Breach

To Whom It May Concern,

[redacted] We write to notify you that Foghorn and Harmony have breached the relevant agreements at issue in this matter. Please consider this letter your notice of breach, [redacted]

[redacted]

[1] "Options" or "Option Agreements" hereafter. Copies of which are enclosed herein.

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM



[redacted]

The Umpierres have learned that Foghorn and/or Harmony have entered the land for purposes other than [redacted] If you would like to discuss a resolution of this matter, please contact the undersigned at your convenience.

The above is not an exhaustive statement of relevant facts and law. This letter does not constitute a waiver and is sent without prejudice to the Umpierres' rights, remedies, and claims, all of which are hereby reserved.

Sincerely,

**CHESTNUT CAMBRONNE PA**

Harrison E. Berg

Enclosure

cc: The Umpierres (via email only)
Charles R. Shafer, Esq. (via email only)



MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

**STATE OF MINNESOTA** **DISTRICT COURT**

**COUNTY OF ST. LOUIS** **SIXTH JUDICIAL DISTRICT**

---

Case Type: Breach of Contract
Court File No.

Carrie Umpierre and Sharon Umpierre,

Plaintiffs,

v.

Foghorn Energy Center, LLC, a Delaware limited liability company; Harmony Group, LLC, a Delaware limited liability company; Savion, LLC, a Delaware limited liability company,

Defendants.

**DECLARATION OF CARRIE UMPIERRE**

---

STATE OF MINNESOTA )
) ss.
COUNTY OF ST. LOUIS )

I, Carrie A. Umpierre, being first duly sworn upon oath, depose and state as follows:

1. I am one of the Plaintiffs in the above-captioned matter.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

15. I was never told that Harmony, Savion, or Foghorn planned to use my land to construct a data center.

[redacted]

17. On December 14, 2024, I signed the Consent to Assignment agreement.

18. I relied on what Mr. Shuler told me in making my decision to sign the Consent Agreement.

19. If I knew that Harmony planned to build a data center on my property, I would not have signed the Consent to Assign Agreement.

MINNESOTA BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

[redacted]

22. On March 3, 2026, Savion sent me a press release in which they indicated that they and Harmony planned to build a large data center on my land.

23. I am very concerned, since I am aware of the environmental issues data centers pose to local communities.

24. It is my understanding that data centers greatly increase electricity bills for residents, create unhealthy noise pollution which harms both quality of life for residents and local ecosystems, lowers surrounding property values, pollutes the air and local water sources, and contributes to global warming.

25. It is also my understanding that data centers are essential infrastructure for private surveillance companies, and that hyperscale data centers, like this one, will largely be used to collect and retain private data on citizens like me, which I morally oppose.

26. I oppose a data center in my community. I especially oppose a data center being built on my property.

[redacted]



MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

28. On June 12, 2026, I and my attorneys contacted Harmony, Savion, and Foghorn, and demanded that since they were in breach of the Option Agreement, they immediately stop taking actions to develop the data center on my land.

[redacted]

33. Attached hereto as **Exhibit A** are true and correct copies of the Notice of Exercise of Option sent to myself and the Notice of Exercise of Option sent to Carrie Umpierre.

34. Attached hereto as **Exhibit B** is a true and correct copy of the online news article which Nick Schuler sent me a hyperlink to on March 3, 2026, which is viewable at https://www.wdio.com/top-stories/google-confirms-plans-for-proposed-hermantown-data-center/.

35. Attached hereto as **Exhibit C** is a true and correct copy of an online informational

JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

page about the Hermantown data center project, published by the City of Hermantown, which is viewable at https://hermantownmn.com/project/#1760042903189-7a8a4d1a-2d4b.

36. Attached hereto as **Exhibit D** is a true and correct copy of an online news article from the Star Tribune, published on October 17, 2025, which is viewable at https://www.startribune.com/fifty-foot-tall-buildings-noise-levels-among-details-revealed-in-new-filings-for-hermantown-data-center/601496292.

37. I request that the Court grant our motion.

I declare under penalty of perjury that everything I have stated in this affidavit is true and correct to the best of my knowledge. Minn. Stat. § 358.116. Dated on the date below in St. Louis County, State of Minnesota.

Dated: 7/24/2026 By: *_/s/ Carrie Umpierre_*
Carrie Umpierre, Plaintiff

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

**VIA OVERNIGHT DELIVERY**

July 10, 2026

Carrie A. Umpierre
5747 Saint Louis River Road
Hermantown, MN 55810
Carrieu23@gmail.com

David C. Pritchett, Esq.
Fryberger Law Firm
813 Cloquet Avenue
Cloquet, MN 55720
dpritchett@fryberger.com

Re: Notice of Exercise of Option

[redacted]

[redacted]

Sincerely,

**HARMONY GROUP LLC,**
a Delaware limited liability company

By: ______________________
Name: Timothy J. Keane
Title: Authorized Signatory

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

**VIA OVERNIGHT DELIVERY**

July 10, 2026

Sharon Umpierre
18 Lois Lane
Esko, MN 55733
sharonump@gmail.com

David C. Pritchett, Esq.
Fryberger Law Firm
813 Cloquet Avenue
Cloquet, MN 55720
dpritchett@fryberger.com

Re: Notice of Exercise of Option

[redacted]

Sincerely,

**HARMONY GROUP LLC,**
a Delaware limited liability company

By: ______________________
Name: Timothy J. Keane
Title: Authorized Signatory

4935-4402-2613.1

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM

Watch Now:
Twin Cities Live

# Google confirms plans for proposed Hermantown data center

By WDIO
Updated: March 3, 2026 - 11:17 AM
Published: March 3, 2026 - 8:32 AM




Google's PR team announced Tuesday morning that they are the company behind the proposed 1.8 million square foot data center in Hermantown.

The subject has been heavily debated within the community since its announcement, and plans for the project have been the subject of several lawsuits.

In a statement, Google's Regional Head of Data Center Public Affairs, Kate Franko, shared more on the announcement.

"We are excited to announce plans for a new data center in Hermantown, marking the beginning of a partnership rooted in sustainable innovation and long-term investment." said Franko. "We look forward to collaborating closely with the City of Hermantown, St. Louis County, Minnesota Power, APEX, Mortenson, and additional local partners as we further refine this vision."

Franko continued, "We are eager to put down roots here. Hermantown is a natural fit for this project, offering a climate that supports energy-efficient air cooling, a resilient power grid, and a dedicated and motivated workforce. Our goal is to be a long-term partner that strengthens the local economy and contributes to the community's lasting success."

The company also stated that they are "pursuing an energy approach that supports the local grid and the state's carbon-free energy goals, at no additional cost to consumers," including:

- supporting the development of new wind generation and battery energy storage
- exploring options to implement demand response capabilities to support the grid during peak times

- contributing $5 million to support energy affordability and efficiency programs for low to moderate-income residential customers of Minnesota Power

Following the announcement, Minnesota Power released a statement saying they will be providing power for the data center, which they claim will enable the development of 700 megawatts of new clean energy resources without increasing costs to customers.

"We're excited to have a company with Google's reputation for community investment and engagement choose our region for such a significant investment," said Minnesota Power Chief Operating Officer Josh Skelton. "Data centers present important economic and innovation opportunities for our region, including a growing tax base, job creation and industry diversification. This agreement demonstrates how data centers can be brought onto the grid responsibly, with collaborative planning."

Skelton went on to say, "As with any large customer, Google will cover the costs associated with the necessary energy infrastructure to meet its energy needs. The agreement enhances grid reliability and protects other customers. We're proud to be the region's premier power provider and supply the energy for this data center that will deliver economic benefits across our region."

The city of Hermantown also released a statement on the announcement. "We are excited Google is choosing Hermantown, knowing the commitment they make will have a substantial positive impact," said Hermantown City Administrator John Mulder. "Their desire to make a home here shows they are invested in the future of Hermantown and our greater region."

The Hermantown Area Chamber also took a positive tone in its response to the announcement.

"From the Chamber's perspective, this is about long-term economic strength," shared Kimberly Parmeter, President & CEO of the Hermantown Area Chamber of Commerce. "A project of this scale has the potential to reshape Hermantown's tax base, support public infrastructure, and reduce long-term pressure on residential taxpayers. Tens of millions of dollars in projected property tax revenue over time would help fund city services, schools, and future community improvements — without shifting that burden onto homeowners and small businesses."

"Our staff has stared at the list of Top 50 Companies in the US for months now wondering who it could be, and who would be the right fit for Hermantown — not just financially, but culturally and operationally," she continued. "We hoped for a partner with a proven track record, strong infrastructure standards, and the capacity to answer public questions clearly and responsibly. We are ecstatic to find out we'll get those needs met, AND it's a household brand, one that 'my generation' has used for the better part of two decades now. Our kids are using the Google platform in schools, our technology is interconnected, email, photos, maps, search engines, our phones, how we communicate. This company is already a part of our life, now it can be part of our local economy, bringing jobs and enhancing infrastructure.

The advocate group "Stop the Hermantown Data Center" provided WDIO the following statement in response the news:

MINNESOTA JUDICIAL BRANCH

Citizen groups note that nothing has changed with Google's announcement of ownership of the proposed data center in Hermantown. The project is not yet permitted, there is ongoing litigation regarding woefully insufficient environmental review, and 78% of the proposed site remains privately owned. Residents note that the subversion of the democratic process does not constitute a win-win situation for immediately affected residents. Residents feel that their local and state governments have betrayed residents of Hermantown, Solway, Midway, Adolph and surrounding areas. Many residents will be deeply hurt financially, physically, and mentally. Their government has left them open for exploitation by a big tech company.

"Stop the Hermantown Data Center is the voice for the neighborhood and the community. We speak on behalf of thousands of concerned residents. Now that Google has knocked on our door, we want them to know that we still plan on making them accountable. We expect that they will do a proper environmental review prior to applying for permits and respect the legal process currently underway. We encourage them to look at the history of this project and learn that the proposed site was rezoned under false pretenses. We encourage Google to do the right thing by finding a site more suitable than a project of this size. The Adolph area is not the right place, with hundreds of residents, children and families, generations of agricultural and farming lands, hundreds-old growth oak trees, prairielands, wetlands, abundant wildlife, and designated trout streams."

SHDC urges local and state officials to pause hyperscale data development in Minnesota until regulatory gaps, including environmental and public health impacts, are fully assessed and addressed. Further, pausing the projects versus unanimous approval, is needed to allow for several lawsuits to settle concerning the proposed data center project. Concerns of local citizens have been ignored by local, county, and state officials who signed non-disclosure agreements.

Google said they are committed to being a responsible neighbor by protecting natural resources through the use of advanced air-cooling technology, which they claim eliminates water use except for domestic needs like kitchens and bathrooms.

You can find more of our coverage on the proposed data center here:

- **Stop the Hermantown Data Center ends year with updates on lawsuit – WDIO.com**
- **Lawsuit filed against Hermantown Data Center project – WDIO.com**
- **Hermantown files response to data center lawsuit – WDIO.com**

**For Related Stories:** **Hermantown Data Center** **Hermantown**

MINNESOTA JUDICIAL BRANCH

## AROUND THE WEB



**Goodbye AC: This US invention is set to revolutionise cooling**

imgainting.Cooler



**Who Charges The Least For Car Insurance In Minnesota? (Check Zip Codes)**

Auto Insurance



**Sky-Lytes Buffered Electrolytes for Swine**

Valley Vet US



**What No One Tells You About Attracting Hummingbirds to Your Yard**

Peoasis



**Neuropathy is Not From Low Vitamin B (Meet The Real Enemy)**

Health Weekly



**Surgeons: This Simple Trick Will End Knee Pain & Arthritis Quickly (Try It)**

Health Weekly



**1 Simple Tip to Cut Your Electric Bill (Try Tonight)**

MadeInGenius



**Endocrinologist: If You Have Diabetes, Read This Before It's Removed!**

Health Weekly



**Honey: The Greatest Enemy of Memory Loss (See How to Use It)**

Health Weekly



**How Can I Transfer My 401k to Gold Without Penalty?**

Gold IRA Custodian Reviews



**I Never Saw Hummingbirds - Until I Put This Bird House Up**

Glosrity



**My Garden Had No Hummingbirds for Years - Then I Hung One of These Up**

Peoasis




**Sciatica is Not From a Slipped Disc. Meet The Real Enemy of Sciatica (Stop This)**
SmoothSpine



**A Simple Trick Seniors Over 50 Use to Erase Burning Legs (No Doctor Needed)**
Healthy Living Tips



**Cardiologists: 1/2 Cup Before Bed Burns Belly Fat Like Crazy! Try This Recipe!**
Health Weekly

WDIO-DT FCC Public Inspection File | WIRT-DT FCC Public Inspection File | Contact Us | Public Information | FCC Applications | WDIO Terms of Use
DMCA Notice | Hubbard Television Group Privacy Policy | Your Privacy Choices | Cookie Preferences

Any person with disabilities who needs help accessing the content of the FCC Public file should contact Vicki Kaping at vkaping@wdio.com or (218) 727-6864

This website is not intended for users located within the European Economic Area.
© 2026 WDIO-TV, LLC
A Hubbard Broadcasting Company

MINNESOTA JUDICIAL BRANCH

TOWN Minnesota

/

# PROJECT

**With the potential for a Google data center project in Hermantown under evaluation, the City has created the following webpage to provide information throughout the process. This page will be updated at times, so please check back for new information.**

## Questions and Answers (and Updates)

### – Why am I just learning about this?

Let's start with the first (and maybe most important) question that brought you here. You are learning about this now because this potential project has reached a point where a traditional public application is set to be considered.

You are also likely learning about this now because you saw the media coverage the potential project received in late September, or the initial round of media attention the potential opportunity received in June of 2025.

And yes, it is a data center.

You may be interested in learning more because of concerns about the environmental impacts of a large project at this location. You might have worries about noise, traffic, or taxes. You might also be here because of excitement about the hundreds of jobs this would create for our area if it moves forward. Or you might be interested in the potential millions in economic development this may bring to our region.

At City Hall, we have certainly heard from people, both concerned and excited, following the second round of reporting in September.

This is the largest proposed project in the history of the City of Hermantown. While it follows similar processes as any Hermantown project, it shouldn't be a surprise that people have learned about it in advance of that application. It is a proposal worthy of lengthy and thorough due diligence, and it is a project that is worthy of attention before the application and subsequent public process would normally begin. This possibility has involved partners beyond the City of Hermantown, as the county, the sanitary district, and our largest neighbor are all factors in this opportunity. It is a big deal, and people outside of City Hall have been talking about it for several months.

To be even more straightforward, it makes sense that you'd want to know about this.

It is also worth allowing the time for the developer to hone in the specifics of this project before we talk about it publicly as staff, and before they allow their unique approach to what is possible in this development to be available to the greater public. That is a fair, and best-practice, to allow developers that time and space before an application. Future developers, entrepreneurs, and folks with big dreams/ideas know they can count on our city staff to reasonably protect those dreams/ideas until the appropriate time.

Or, to be even more straightforward, it makes sense that we let the homework be completed by any developer before we grade the assignment.

In the first full week of October, that application has been received and can follow the public process.

UPDATE: As noted in the process update on the left, the City of Hermantown received information regarding a petition from the Environmental Quality Board. To appropriately respond to this new request, received on October 21, the consideration of the project application has been paused.

On December 3, 2025, the City responded to the petition received by the Environmental Quality Board in October.

The response can be found here.

UPDATE: The City of Hermantown received a lawsuit regarding this project on November 5. At this time, the city will conduct the appropriate review and due diligence and follow the legal process.

UPDATE: On November 10, the City received an update from Mortenson removing any upcoming applications from the Planning & Zoning Commission and City Council agendas to allow for further public engagement.

### + What is the potential project?

### + Why this location?

### + What about jobs?

### + What about water usage?

### + What about energy usage?

### + What about noise?

### + What about traffic?

### + What about wetlands?

### + What is an AUAR and why was it used?

### + What about taxes?

**Page Updated: July 14, 2026**

Update: On July 14, Appendix F was updated at the request of the State Historic Preservation Office because portions of the information were deemed non-public data.

Update: In alignment with the June 11, 2026, posting of the Draft AUAR and Mitigation Plan, the City of Hermantown has also opened the public comment period associated with those documents. The comment period runs through July 16, 2026. More information on the process can be found in the following press release.

City of Hermantown – Press Release

Update: The City of Hermantown has prepared a Draft AUAR and Mitigation Plan for the Updated Hermantown Industrial project. The AUAR document is available below for viewing as of June 11, 2026. Due to the document's size, it is divided into several links.

Public comments for the Draft AUAR and Mitigation Plan will be received until 4 p.m. on July 16, 2026. Written comments and project questions should be submitted to AUARComments@hermantownmn.com



MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM



~ Appendix C

~ Appendix D

AR ~ Appendix E, F, G, H, I*

**Appendix J and K, which focus on comments, are pending.*

Update: As part of the agenda for the May 18, 2026, the Hermantown City Council will consider a resolution accepting the scoping document for the Alternative Urban Areawide Review (AUAR) and moving forward with the preparation of the Draft AUAR.

Information about the action, including the scoping document and public comments, is available in the May 18, 2026, agenda packet.

May 18 – City Council Agenda Packet

Update: As part of the May 4, 2026, Hermantown City Council Meeting, there was a trio of presentations regarding the proposed development agreement and tax abatement agreement. Those three presentations can be viewed at the links below. The City Council chose to table the resolution regarding the agreements after the conclusion of the May 4, 2026, public hearing.

City of Hermantown Agreements Presentation

Ehlers Tax Abatement Presentation

Google's Hermantown Data Center Presentation

Update: On April 29, 2026, The City updated the proposed development agreement and tax abatement agreements with Google based on the discussion at the April 20 City Council Work Sessions. The updated agreements can be found at the links below.

Update: On April 23, 2026, a notice was included in the Hermantown Star regarding a public hearing scheduled for May 4, 2026, as part of the City Council Meeting. The hearing will focus on a potential abatement agreement and development agreement for this project. The notice and agreements are available at the links below.

The proposed agreements are also included on the City Council Work Session Agenda for April 27, 2026.

Notice of Public Hearing

Proposed Abatement Agreement – Updated Final Language

Proposed Development Agreement – Updated Final Language

Update: On April 20, 2026, the City of Hermantown presented on an economic impact analysis performed by UMD's Bureau of Business and Economic Research (BBER). The study outlined five real-life development scenarios that explored our region, but did not happen due to the lack of large, available sites with city water and sewer.

This study did not include any data center analysis, as that is an in-progress possibility for the region at this time.

Key findings from all five scenarios included the creation of more than 1,500 jobs, an addition of nearly $110 million in labor income annually to the county, approximately $5 million in annual county and local tax revenues, and more than $600 million in annual economic output.

The presentation can be found below, along with a link to the study itself.

City of Hermantown Presentation

UMD's Bureau of Business and Economic Research Analysis

Update: On March 31, 2026, the comment period for the scoping document of an updated AUAR began. The AUAR study area includes 26 parcels totaling 278 acres in Hermantown's southwest corner. This study has a smaller geographic footprint and scale than the initial AUAR study adopted in October of 2025. The City of Hermantown and Google jointly agreed to an updated AUAR study with current information and greater specificity.

The AUAR scoping document and City of Hermantown press release can be found below.

AUAR Scoping Document

City of Hermantown Press Release

Update: On March 12, 2026, Mayor Wayne Boucher announced the restart of the AUAR environmental review process, in partnership with Google, to provide greater clarity and transparency regarding the potential project. Hermantown's City Council took an initial step forward in that process on Monday, March 16, 2026, by approving a contract with Braun Intertec Corporation to provide third-party technical review associated with the AUAR.

Additionally, Minnesota Power presented at the March 16, 2026, pre-agenda meeting regarding its efforts to create an electric service agreement with Google. The presentation included process information and the protections in place for Minnesota Power's current residents and business customers.

Minnesota Power – March 16 Presentation

Agendas and minutes for all City Council Meetings are available on Hermantown's Public Portal.

Update: On March 3, 2026, Google announced plans for a data center project in Hermantown. Information regarding that announcement is available below.

City of Hermantown Press Release

Minnesota Power Press Release

Hermantown Chamber of Commerce Press Release

Process Update: On November 10, the City received an update from Mortenson removing any upcoming applications from the Planning & Zoning Commission and City Council agendas to allow for further public engagement.

The letter can be read here.

The City of Hermantown received a lawsuit regarding this project on November 5. At this time, the city will conduct the appropriate review and due diligence and follow the legal process.

The Environmental Quality Board (EQB) received a petition on October 17, 2025, requesting that an Environmental Assessment Worksheet (EAW) be prepared for the data center project proposed in Hermantown.

On December 3, 2025, the City responded to the petition received by the Environmental Quality Board (EQB) in October.

That response can be found here.

It is appropriate for Hermantown to pause the consideration of the previously scheduled Special Use Permit (SUP) and Commercial Industrial Development Permit (CIDP) by the City's Planning and Zoning Commission at its October 21 meeting.

Traditionally, the inclusion of a permit in the Planning and Zoning commission agenda is the point at which people first learn about a project – but this unique project has followed a different public path.

The current pause to perform this important environmental step allows time for the public to review the proposal, as well as for the potential scheduling of more informational meetings. Please review the information below from the application and past meetings, and check back for updates as more information becomes available.

- View Fox 21 Discussion regarding the EQB pause, process, and project

MINNESOTA JUDICIAL BRANCH

⚠ Information Regarding Potential Google Data Center | LEARN MORE

- Full October 20 City Council Meeting
- 3 Information
- tenson Letter to the City of Hermantown – November 10

al study elements from the proposed project are available below.

- Acoustic Study
- Stormwater Management Report
- Traffic Analysis
- Architectural Narrative
- Site Development Plan
- Landscape Rendering
- Landscape Sections

Read Western Lake Superior Sanitary District's recent blog regarding data centers and wastewater.

- WLSSD Resource Renew October 22 Blog

View Minnesota Power's information regarding data centers.

- Minnesota Power Information Fact Sheet
- Minnesota Power Official Letter to Elected and Appointed Officials




JUDICIAL BRANCH

Filed in District Court
State of Minnesota
8/3/2026 10:08 AM



Information Regarding Potential Google Data Center | LEARN MORE






© 2026 City of Hermantown, MN

MINNESOTA
JUDICIAL
BRANCH

The Minnesota Star Tribune

DULUTH

# 50-foot-tall buildings, noise levels among details revealed in new filings for Hermantown data center

The company behind the project still hasn't been identified, other than that it's a Fortune 50 business.

**By Walker Orenstein**
The Minnesota Star Tribune

OCTOBER 17, 2025 AT 8:43PM



Racks of servers are pictured at the new Amazon Web Services facility in New Carlisle, Ind., where the tech giant plans to build around 30 data centers. Data centers, like the one proposed in Hermantown, are popping up around the country as tech companies work to meet the needs of artificial intelligence. (AJ Mast/The New York Times)

One of the country's largest companies has officially filed a proposal with Hermantown to build a large data center campus, but the city and developer still aren't saying exactly who is behind the project.

Hermantown previously studied the impact of a data center on more than 200 acres in the small city near Duluth, but the application made public this week includes more specifics about the site.

Newly obtained public records also show city officials and the Minneapolis construction firm Mortenson discussing early details of the project in September 2024. That is a year before the Minnesota Star Tribune first reported that it would be a proposed data center.

For most of 2025, Hermantown and a construction firm working on the project declined to say precisely what companies were looking to build at the site. The lack of transparency drew complaints from residents and some environmental groups.

MINNESOTA
JUDICIAL
BRANCH

Map source: OpenStreetMap • Mark Boswell, The Minnesota Star Tribune

Hermantown officials contend they were affording the developer privacy to test the viability of any project and finalize specifics before the city talked publicly about a data center. Some city workers also signed a nondisclosure agreement with Mortenson.

"It makes sense that we let the homework be completed by any developer before we grade the assignment," says a new city website dedicated to the project.

There are no large-scale data centers operating in Minnesota, but developers are considering more than a dozen as tech companies bolster their computing power to meet the needs of artificial intelligence. Facebook's parent company will be the first, building a project in Rosemount. Environmentalists have raised concerns as the projects multiply, given the extraordinary amount of electricity that data centers need and questions about water use.

The new application says the unknown company will build four concrete buildings – each 300,000 square feet and 50 feet tall – "designed to house the IT infrastructure required to store, process and transmit the data utilized in everyday digital services for users worldwide."

The application includes new landscaping plans, as well as modeling of noise from the data center, created by cooling infrastructure and backup generators. The company says with mitigation such as a screen wall along the property's northern boundary, noise levels will be near or below a nighttime limit for nearby homes.

The proposer is listed as Harmony Group LLC, a subsidiary of a Delaware-based corporate services group. Hermantown has described the actual business behind the plan as a Fortune 50 company headquartered in the U.S.

The company and city have not released how much electricity the data center would consume. Electric supply contracts are overseen by state utility regulators.

Hermantown's City Council will meet Monday to vote on rezoning land, which would allow the data center to be built. There are protests planned against the project.

The latest batch of public records obtained by the Minnesota Star Tribune were provided by the Minnesota Center for Environmental Advocacy, which has criticized the city's review of the project.

The records reveal city officials have been discussing the size and scope of the project and other details for months, information they later declined to share with neighbors of the project at public meetings.

Some of those figures have changed since the initial estimates.

Mortenson initially estimated the project cost would start at $1 billion but potentially escalate to more than $2 billion. Now, city spokesman Joe Wicklund said the price tag has

a floor of roughly $500 million.

Information posted to Hermantown's website about the project says at least 40 full-time employees will be hired at the initial building. As the complex expands over a decade, there may be 100 or more permanent jobs. The city says the project could employ hundreds of construction workers.

In September 2024, Hermantown City Administrator John Mulder wrote an email to colleagues saying he spoke to the mayor about the project.

"Data center next to MN Power substation," Mulder said, referencing the utility Minnesota Power. "1 billion investment 50+ full time jobs. [The mayor's] response was 'wow.'"

The emails released by Hermantown show city officials and contractors were working on early questions about water supply for the project in the fall and winter of 2024.

Hermantown's review of the site estimates a project would use about 50,000 gallons of water a day or less when it's fully built, the equivalent of use in about 160 homes. The city says that amount of water is comparable to what a newer car wash in the area uses.

Chad Ronchetti, Hermantown's economic development director, sent an email last September that said Mortenson initially proposed using an "air-cooled system" with less water, but that "it fizzled out."

Now, the project application calls for air-cooled chillers. That type of system uses uses refrigerant and water to cool, but without evaporation, said Thom Jackson, a mechanical engineer for Dunham Associates who designs cooling systems for data centers, in an interview earlier this year.

It's a closed system that doesn't need to be replenished once it's filled, Jackson said.

Some residents in Hermantown have criticized the city for what they see as a lack of transparency.

Several St. Louis County Commissioners faced complaints earlier this week from constituents for signing nondisclosure agreements. One commissioner unsuccessfully tried to ban signing such agreements.

The Minnesota Star Tribune

© 2026 StarTribune.All rights reserved.

MINNESOTA
JUDICIAL
BRANCH